UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
JANE DOES 1–4,

                Plaintiffs,             **ORDER**
                                            20-CV-5516-DG-SJB

    - against -

IOANNIS FOUKAS,

                Defendant.
--------------------------------------------------------x

**BULSARA, United States Magistrate Judge:**

On March 20, 2021, this Court granted Plaintiffs permission to proceed using pseudonyms and entered a protective order to that effect.  (Order dated Mar. 20, 2021 ("Order"), Dkt. No. 20).  Defendant has moved to vacate that order, on the grounds that Plaintiffs have revealed their identities in a separate state court case, *Wilk v. Foukas, et. al*, Index No. 521452/2021, Kings County Supreme Court ("the *Wilk* matter").  (Letter-Mot. to Lift Order dated Jan. 21, 2022 ("Mot."), Dkt. No. 50).  Because the Court previously found that a protective order was appropriate, Defendant's motion is essentially one for reconsideration.  "To succeed on a motion for reconsideration, the movant carries a heavy burden.  The movant must show 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *In re Taneja*, No. 17-CV-9429, 2019 WL 1949839, at *1 (S.D.N.Y. Apr. 19, 2019) (quoting *Doe v. N.Y.C. Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).  "It is within the sound discretion of the district court whether or not to grant a motion for reconsideration."  *Wyche v. KM Sys., Inc.*, No. 19-CV-7202, 2021 WL 1535529, at *1 (E.D.N.Y. Apr. 19, 2021) (quoting *Markel Am. Ins. Co. v. Linhart*, No. 11-

CV-5094, 2012 WL 5879107, at *2 (E.D.N.Y. Nov. 16, 2012)). "In exercising this discretion, the court must be mindful that 'a motion for reconsideration is not favored and is properly granted only upon a showing of exceptional circumstances.'" *Id.* (quoting *Nakshin v. Holder*, 360 F. App'x 192, 193 (2d Cir. 2010)). The Court agrees that anonymous treatment is no longer appropriate for Plaintiffs. Plaintiffs have in the *Wilk* matter revealed their identities by submitting an affidavit using their real names in which they make statements that go to the heart of the present case. Specifically, using their names (which are public on the state court docket in *Wilk*), they allege they are victims of sex and labor trafficking by Ioannis Foukas—the defendant here—and make specific allegations about what they were forced to do by Foukas. (Combined Aff. dated Nov. 28, 2021 attached as Ex. C. to Mot., ¶¶ 3–9). The affidavit was submitted in opposition to a motion for summary judgment on a foreclosure claim. This is evidence that has come to light after the Court's prior order and warrants reconsideration. "[C]ourts have indicated[,] . . . if the identity of a plaintiff was previously disclosed in judicial or administrative proceedings, then the request to proceed anonymously should be denied." *Doe v. Skyline Autos. Inc.*, 375 F. Supp. 3d 401, 407 (S.D.N.Y. 2019); *e.g.*, *Doe v. Nat'l Conf. of Bar Examiners*, No. 1:16-CV-264, 2017 WL 74715, at *3 (E.D.N.Y. Jan. 6, 2017) ("Plaintiff publicly identified herself in a myriad of State and federal court documents relating to this matter, which have not been filed under seal and are currently accessible to the public.").

Plaintiffs' arguments that they should be permitted to proceed anonymously are without merit.

They contend that Defendant failed to meet and confer before filing his motion. (Pls.' Opp'n to Def's Mot. dated Feb. 4, 2022 ("Opp'n"), Dkt. No. 51 at 1). There

is no requirement to meet and confer before moving for reconsideration and in any event, it was reasonable for Defendant's counsel to conclude that such a meeting would have been futile. Plaintiffs then say that the matters in *Wilk* are not the same as the present case. (*Id*. at 1–2). But that is the wrong basis by which to evaluate the ability to proceed using a pseudonym. The question—indeed the central question—is whether the identifies of the Plaintiffs are confidential. Plaintiffs chose to file an affidavit, using their real names, that provides details which overlap precisely with the allegations in this case. So even if that affidavit does not capture the entirety of the issues in the state court litigation, its averments are the same as this case (in which they allege the same misconduct engaged in by Foukas). Plaintiffs cannot on the one hand use the shield of anonymity in the federal case but then discard it in order to obtain summary judgment in a state court case. And that the Plaintiffs now no longer wish to advance a defense of fraudulent inducement—to the foreclosure claim in state court—does not put the genie back in the bottle. The affidavit remains a public document; and Foukas is entitled to use that document in this case (for instance as a means of obtaining additional discovery or to explore any inconsistencies between those sworn statements and the ones in this case), regardless of whether the defense has now been withdrawn. (Notably, Plaintiffs do not indicate that they have taken any steps to seal the state court docket or request permission to proceed anonymously there). Since the affidavit goes to the same issues as those present here, Foukas would be prejudiced by ongoing anonymity (for instance, if he wished to cross examine any Plaintiff here using the affidavit, he would have to go through an elaborate process of establishing that the Plaintiffs here are the same as those submitting the affidavit) at a trial or summary judgment. As for Plaintiffs' final argument about the supposed "unclean hands" of Defendant in initiating the state court

action, (Opp'n at 4), that is an irrelevant contention. Permitting a plaintiff to proceed anonymously is not a matter of equitable relief—for which a defense of unclean hands attaches—but an exception to Federal Rule 10. Fed. R. Civ. P. 10(a). And Rule 10 is governed by the standards set forth in *Sealed Plaintiff v. Sealed Defendant # 1*, 537 F.3d 185 (2d Cir. 2008). "Unclean hands" is not a relevant factor under that analysis. As the Court previously noted, "permitting a party to proceed under a pseudonym is the 'exception.'" (Order at 2) (quoting *Rives v. SUNY Downstate Coll. of Med.*, No. 20-CV-621, 2020 WL 4481641, at *2 (E.D.N.Y. Aug. 4, 2020)). The Court's prior order noted that the second factor in the analysis—potential harm to the Plaintiffs—favored them, and the sixth factor—the prejudice to Defendant—was neutral. (*Id.* at 4–5, 7–8). That analysis has clearly changed. "Although the balance of *Sealed Plaintiff* factors weighed in [Plaintiffs'] favor at the outset of this litigation, the Court now concludes that [Plaintiffs'] privacy interest has been substantially diminished by the use of [their] legal name in the state court proceeding and that the balance now tips in favor of unsealing." *Doe v. New England Stair Co., Inc.*, No. 3:18-CV-756, 2020 WL 12863508, at *3 (D. Conn. June 12, 2020). Plaintiffs cannot complain of potential harm since they—as opposed to Foukas or a third party—voluntarily submitted an affidavit in a public proceeding using their real names in an effort to bolster their allegations and defenses, which mirror the allegations here. *Cf. Doe v. Fedcap Rehab. Servs., Inc.*, No. 17-CV-8220, 2018 WL 2021588, at *3 (S.D.N.Y. Apr. 27, 2018) ("At the end of the day, Plaintiff has to overcome the strong default rule that parties must proceed under their real names. The parties agree that Plaintiff has already publicly disclosed that they are genderqueer. The ultimate question, therefore, is whether the additional disclosure of Plaintiff's identity as trans-masculine would so harm Plaintiff as to outweigh the

significant prejudice to Defendants and the public interest in access to the identities of the litigants.  Plaintiff has not met that significant burden.") (granting motion to lift order permitting anonymous litigation).  And given that they did so in a sworn statement, it would potentially prejudice (or at least complicate) Defendant's attempt to defend the case if they could not use the affidavit (because the names in the statement are different than the Jane Doe designations in this case).  In any event, because fact discovery is essentially at an end, Plaintiffs' interest in anonymity is substantially weakened.  (*See* Order at 7 ("[Courts] have also considered the later stages of a case and recognized the danger that cross-examination of an anonymous plaintiff could be compromised and the risk that a jury would not be able to properly assess the credibility of a plaintiff proceeding under a pseudonym.")).

The Clerk of Court is directed to amend the caption and substitute the real names of Plaintiffs on **July 21, 2022** absent further order.  And Plaintiffs are directed to file an amended complaint, substituting their real names, by **July 21, 2022**.  The amended complaint should not otherwise be substantively different from the current operative pleading.

SO ORDERED.

 */s/ Sanket J. Bulsara*  July 6, 2022
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York