UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

KRISTINA FOUKAS, YANA KOVALEVA,
and OXANA SOBOLEVA,

*Plaintiffs*,

– against –

IOANNIS FOUKAS,

*Defendant.*

**MEMORANDUM & ORDER**
20-cv-05516 (NCM)(SJB)

---

**NATASHA C. MERLE**, United States District Judge:

Plaintiffs Kristina Foukas, Yana Kovaleva, and Oxana Soboleva bring action against defendant Ioannis Foukas, alleging a range of conduct, including violation of the Trafficking Victims Protection Act ("TVPA"). Plaintiffs brought the instant motion to attach defendant's proceeds of the sale of real property.[1] For the reasons stated below, the Court **ADOPTS** the R&R in its entirety and **GRANTS** plaintiffs' motion in part.

## BACKGROUND

The Court assumes familiarity with the underlying action and provides background necessary for the Motion.

In October 2023, plaintiffs moved to attach (1) defendant's share of proceeds from the sale of three properties, which is currently held in escrow, (2) the proceeds of two properties located at 1651 W. 2nd Street, Brooklyn, NY (the "1651 Property"), and 180

---

[1]     Hereinafter, the Court refers to Plaintiffs' Memorandum in Support of Order to Show Cause for Order of Attachment, ECF No. 83-1, as the "Motion"; Plaintiffs' Memorandum in Support of May Motion for Attachment, ECF No. 72-1, as the "May Motion"; the Report and Recommendation, ECF No. 109, as the "R&R"; and Defendant's Objection to the R&R, ECF No. 111, as the "Opposition."

Brighton 10th Street, Brooklyn, NY (the "180 Property"), and (3) property located at 31 Brighton 3rd Walk, Brooklyn, NY (the "31 Property"). *See generally* Mot. This was plaintiffs' second motion for attachment. *See* Mot. at 1.

During this litigation, defendant sold the 1651 Property, the 180 Property, and the 31 Property. Two of these properties were sold while the parties were nearing trial. May Mot. at 19. Plaintiffs alleged and defendant did not dispute that those properties "had been sold by Defendant at below market value in an attempt to conceal assets and avoid a monetary judgment." R&R at 2; *see also* May Mot. at 1–2. In June 2024, while the instant motion was pending, plaintiffs informed the Court that defendant had sold the final property in the previous month. ECF No. 99.

In their Motion, plaintiffs allege that defendant risks being unable to pay a judgment, largely because he sought to eliminate his assets before any judgment was entered by selling properties during the litigation. Mot. at 8.

The Court referred the Motion to Magistrate Judge Bulsara, ECF Order Dated Jan. 4, 2024, who recommended that attachment be granted in part, allowing attachment of the proceeds held in escrow, but denying without prejudice the request to attach proceeds of the 1651 Property, the 180 Property, and the 31 Property. R&R at 15. The R&R further recommends that defendant produce documents related to the aforementioned properties. R&R at 15. Lastly, the R&R recommends that plaintiffs be allowed to "seek expansion of the present attachment order upon identification of the location of additional proceeds without needing to re-establish the legal bases to do so" and that plaintiffs post an undertaking of $1,000 (0.55% of defendant's share, which is consistent with other courts). R&R at 16.

## STANDARD OF REVIEW

The Court reviews "de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "[M]erely referring the court to previously filed papers or arguments does not constitute an adequate objection" pursuant to Rule 72. *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022); *see also New York City Dist. Council of Carpenters v. Allied Design & Constr., LLC*, 335 F. Supp. 3d 349, 351 (E.D.N.Y. 2018) ("[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review.") ("*Carpenters*"). A district court will likewise not consider new arguments in objection that could have been, but were not raised before the magistrate judge. *Carpenters*, 335 F. Supp. 3d at 351.

A district court reviews "[p]ortions of a report and recommendation that are not properly objected to" for any "clear error on the face of the record." *Park v. Kim*, No. 20-cv-02636, 2022 WL 3643966, at *2 (E.D.N.Y. Aug. 24, 2022), *aff'd*, 91 F.4th 610 (2d Cir. 2024*); see also Sosa v. New York City Dep't of Educ.*, 368 F. Supp. 3d 489, 494 (E.D.N.Y. 2019) ("General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error."). *Pro se* objections are generally given leniency and construed to raise the strongest arguments they suggest, but even when a litigant is *pro se,* an objection to an R&R in its entirety does not constitute a specific written objection to the report requiring *de novo* review under Rule 72(b). *Williams v. Woodhull Med. & Mental Health Ctr.*, 891 F. Supp. 2d 301, 310 (E.D.N.Y. 2012); *see* Fed. R. Civ. P. 72(b) (requiring that objections to a recommended disposition be "specific written objections" and *de novo* review applies to any part "properly objected to").

3

## DISCUSSION

"Federal Rule of Civil Procedure 64 permits federal litigants to seek an order of attachment in the manner provided by the law of the state in which the district court sits." *IME Watchdog, Inc. v. Gelardi*, No. 22-cv-01032, 2024 WL 866136, at *3 (E.D.N.Y. Feb. 29, 2024) (*quoting DLJ Mortg. Cap., Inc. v. Kontogiannis*, 594 F. Supp. 2d 308, 318 (E.D.N.Y. 2009)). "Under New York law, an attachment bars any sale, assignment or transfer of, or any interference with the property attached." *Iraq Telecom Ltd. v. IBL Bank S.A.L.*, 43 F.4th 263, 269 (2d Cir. 2022). A party seeking an order of attachment must establish four things: (1) a claim for a money judgment, (2) probability of success on the merits, (3) one or more of the enumerated statutory grounds for attachment under CPLR § 6201, and (4) the amount demanded exceeds any offset for counterclaims. N.Y. C.P.L.R 6212; *see also Hawkins v. Zoegall*, No. 23-cv-04040, 2023 WL 4106645, at *2 (E.D.N.Y. June 20, 2023). Under New York law, a range of property types may be attached, including funds held in escrow. *See, e.g.*, *CF 135 Flat LLC v. Triadou SPV S.A.*, No. 15-cv-05345, 2016 WL 11796432, at *3 (S.D.N.Y. July 18, 2016) (attaching "any funds held in escrow").

Given the leniency provided to *pro se* parties, the Court construes defendant as making two objections: one general objection to the attachment, which the Court reviews for clear error, and one specific objection to the target of attachment—the proceeds held in escrow, which the Court reviews *de novo*.[2]

---

[2]     Defendant also makes two requests of the Court: (1) to investigate a personal relationship between plaintiff's counsel and plaintiffs, and (2) to investigate the source of plaintiffs' income that they used to invest in properties. Opp'n at 1–2. Along with being irrelevant to the Court's analysis of the R&R; it is not the Court's role to investigate facts that could support either party's claims or defenses. This request for investigative

I.     Attachment

Before determining the appropriateness of attaching defendant's escrow account, the Court first addresses defendant's general objection to the Magistrate Judge's determination that attachment is warranted. Given that defendant's objection was general and not specific, the court analyzes the attachment for clear error.

The R&R properly considers each of the factors necessary for attachment. The first factor, a claim for money judgment, is easily satisfied by plaintiffs' claims under TVPA, New York Labor Law, and state tort claims, which seek compensatory damages, punitive damages, attorney's fees and costs. Amended Complaint ("AC") ¶¶ 179–207, Prayer for Relief, ECF No. 58; *see, e.g.*, *Hawkins*, 2023 WL 4106645, at *3 (finding first attachment factor met where complaint states a claim for damages and attorney's fees). The analysis for the fourth factor is similarly straightforward: defendant has not brought any counterclaims, so there is no relevant offset. *See IME Watchdog*, 2024 WL 866136, at *3 (finding fourth attachment factor met where no counterclaims raised).

The second factor, probability of success on the merits "requires that the moving party demonstrate that it is more likely than not that it will succeed on its claims" beyond the proof necessary to make a *prima facie* case. *Yong Xiong He v. China New Star Rest., Inc.,* No. 19-cv-05907, 2020 WL 6202423, at *10 (E.D.N.Y. Oct. 22, 2020). In analyzing plaintiffs claims, the R&R found "sufficient evidence to establish that Defendant obtained Plaintiffs' labor and services through threats of serious harm and threats of abuse of law

---

assistance is also improper given that discovery in this case has long since closed. *See* ECF Order Dated July 19, 2022 (noting deadline to complete discovery was Sept. 16, 2022); *cf. Discovery*, BLACK'S LAW DICTIONARY (11th ed. 2019) (defining discovery as "[c]ompulsory disclosure, at a *party's* request, of information that relates to the litigation") (emphasis added).

or legal process." R&R at 7. To support this finding, the R&R relied on numerous testimonies detailing defendant's practice of forcing plaintiffs to work as, among other things, exotic dancers and his personal masseuses. R&R at 7–8. The claims were also found to be supported by threats to call immigration officials against plaintiffs, all born and raised in Russia, and defendant's control over large sums of plaintiffs' money. R&R at 8–9. Therefore, the Magistrate Judge was not clearly erroneous in finding that plaintiffs have demonstrated this factor.

To the extent that defendant attempts to object to the evaluation of the claims against him as part of the attachment analysis, *see* Opp'n at 1, this argument is unavailing, for such assessment is a crucial part of the attachment process. *See* N.Y. C.P.L.R. 6212 (requiring a motion for an order of attachment show "that it is probable that the plaintiff will succeed on the merits"of the underlying action). Defendant also appears to argue that plaintiffs do not meet the probability of success on the merits because he has been "told many times when interviewing lawyers that this case should be dismissed." Opp'n at 2. However, the opinion on the potential dismissal of this case by unnamed lawyers is neither relevant nor admissible in this dispute. Even if these reported self-serving statements were admissible, these opinions, without evidence or legal argument, do not discount the probability of success demonstrated by the plaintiffs' evidence detailed above.

The third factor requires that one of the grounds set forth by N.Y. C.P.L.R. § 6201 be satisfied.[3] The Court agrees with the R&R's finding that plaintiffs have satisfied the

---

[3]     In sum, the grounds are defendant being a nondomiciliary; defendant's inability to be personally served; defendant's fraudulent activity; actions brought by victims of a crime; and actions based on another court that is entitled to full faith and credit. N.Y. C.P.L.R. 6201

intentional fraud provision set forth in § 6201(3). An order of attachment is appropriate under § 6201(3) where "the defendant, with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts." N.Y. C.P.L.R. 6201(3). Acknowledging the difficulty of direct proof of fraud, the Second Circuit accepts various "badges of fraud" to demonstrate this prong. *See In re Boyer,* 328 F. App'x 711, 715 (2d Cir. 2009). One such "badge" is a pattern of financial transactions or course of conduct during the pendency of a suit or when financial difficulties or debt has occurred. *See Coley v. Vannguard Urb. Improvement Ass'n, Inc.*, No. 12-cv-05565, 2016 WL 7217641, at *7 (E.D.N.Y. Dec. 13, 2016).

Here, as recognized in the R&R, defendant has exhibited a striking pattern of disposing his property during the litigation. R&R 13. The timing of the sales are notable because defendant sold property after years of litigation as the parties neared trial. May Mot. at 19. Also, the 31 Property was sold for well below its value to a limited liability corporation with unidentifiable members while the instant motion was pending before the Magistrate Judge. R&R 13–14; ECF No. 99. Furthermore, defendant's failure to disclose the sale of the 31 Property to his own counsel, which ultimately led to counsel's withdrawal, is another step in a questionable pattern of conduct. R&R 13–14. Lastly, defendant has further testified that the properties were his only assets. R&R 13. The properties of which he disposed were therefore the only means of funding a money judgment against defendant. The Court thus finds no clear error in the finding that "[t]his constellation of events is sufficient to infer that Defendant's intent is fraudulent." R&R at 14.

Since each factor for attachment is met, the Court finds no clear error in the recommendation before it.

II.    Attachment of Specific Items

Having determined that attachment is appropriate, the Court now addresses the attachment of specific items. The Court reviews the attachment of funds held in escrow *de novo* due to defendant's specific objection. However, defendant did not object to the Magistrate Judge's decision not to attach proceeds from the 1651 Property, 108 Property, and 31 Property. Thus, the Court analyzes that recommendation for clear error.

a.  *Attachment of Funds Held in Escrow*

New York law provides that "[a]ny debt or property against which a money judgment may be enforced . . . is subject to attachment." N.Y. C.P.L.R 6202; *see also* N.Y. C.P.L.R 5201 (specifying that a money judgment may be enforced "against any property which could be assigned or transferred"). Furthermore, an attachment serves as a type of lien. *In re Int'l Banking Corp. B.S.C.*, 439 B.R. 614, 620 (Bankr. S.D.N.Y. 2010) (noting that the description of a lien as "a legal right or interest that a creditor has in another's property" until debt is satisfied also applies to attachment).

Defendant questions the recommendation to attach his portion of proceeds in escrow, asserting that his "former attorney already has a lien on the money held in escrow." Opp'n at 1. Defendant raises this for the first time in objection. *Compare* Opp'n Mot. Attachment, ECF No. 84 *with* Opp'n. Therefore, the recommendation does not engage with this argument, and the Court is not required to address it. However, even were the Court required to address this objection, it would find this argument must fail because the defendant provides no evidence that a lien exists on his share of the proceeds currently held in escrow. Defendant is correct that his prior attorney appears to assert a

8

retaining lien and charging lien. *See* ECF No. 76. However, there is no record that a lien has been entered against the amount held in escrow, and therefore it is property that can be assigned or transferred.

The Court thus finds that attachment of defendant's share of funds held in escrow is appropriate.

### b. *Attachment of Proceeds from the 1651 Property, 108 Property, and 31 Property*

The Court reviews the denial of attachment of the proceeds of the 1651 Property, 108 Property, and 31 Property for clear error. Finding that "the proceeds from the sales of the three properties have not been identified," defendant was directed "to provide Plaintiffs with all documents in his possession related to the disposition of the 1651 Property, the 180 Property, and the 31 Property, including bank statements, sales contracts, emails, letters, and tax documents." R&R at 15. Likewise, plaintiffs were granted "expansion of the present attachment order upon identification of the location of additional proceeds without needing to re-establish the legal bases to do so." R&R at 16. The Court agrees with this course of action, finding no clear error in denying with leave to renew the request for attaching proceeds of the 1651 Property, the 180 Property, and the 31 Property on the basis that the proceeds are currently unidentified. However, the Court further orders that defendant produce the aforementioned documents within thirty days of this Order, with extension granted only for good cause.

## CONCLUSION

For the reasons stated above, the Court adopts the R&R in its entirety as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1). Defendant's portion of the sum held in escrow is attached. Plaintiffs shall post an undertaking of $1,000 for the

attachment. Furthermore, defendant shall produce to plaintiffs documents related to the sale of the 1651 Property, the 180 Property, and the 31 Property within thirty days of this Order.

**SO ORDERED.**

                                                     _/s/ Natasha C. Merle_____
                                                     NATASHA C. MERLE
                                                    United States District Judge

Dated:        September 27, 2024
                Brooklyn, New York